# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-0422 & 3D24-1407
Lower Tribunal No. 06-26218-CA-01

_____

**Merco Group at Akoya, Inc.,**
Appellant,

vs.

**General Computer Services, Inc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Law Offices of Geoffrey B. Marks and Geoffrey B. Marks (Vero Beach), for appellant.

Crabtree & Auslander and John G. Crabtree and Charles M. Auslander and Brian C. Tackenberg, for appellee.

Before LINDSEY, LOBREE and GOODEN, JJ.

LOBREE, J.

Merco Group at Akoya, Inc. ("Merco") appeals a final judgment

awarding General Computer Services, Inc. ("GCS") damages on its claim for breach of contract, challenging the trial court's denial of its motion to set aside the verdict and for judgment in accordance with its motion for a directed verdict, motion for a new trial, and alternative motion for remittitur.  Merco also appeals post-judgment orders determining that GCS is entitled to prejudgment interest and awarding it.  Because the amount of damages awarded by the jury was unsupported by the evidence at trial, we reverse the trial court's denial of Merco's remittitur motion and remand with directions.  We otherwise affirm all other issues raised in this appeal.

## BACKGROUND

Merco was the developer of Akoya, a high-rise residential condominium that was completed in 2005.  GCS is a computer services company owned by Graciela Roig.  GCS developed a computer system called BeCruising, which allowed communication between an individual condominium unit and the front desk, valet parking, and concierge.  In September 2003, Merco and GCS entered into a contract providing that "GCS will provide one computer system and the BeCruising System software" for each unit subscribing to the system, and that Merco "will commit, thru its own sales force and within its main showroom, to illustrate and sell the BeCruising System to all owners and possible buyers."  GCS

2

sued Merco for breach of contract and quantum meruit in December 2006, alleging that despite GCS's full performance under the contract, Merco had not paid for its services.

Almost seventeen years later, the matter proceeded to the trial at hand, which, in accordance with our remand in Merco Group at Akoya, Inc. v. General Computer Services, Inc., 237 So. 3d 1052 (Fla. 3d DCA 2017), concerned only the issue of damages.[1]  At trial, Roig, who was GCS's only witness, testified about installing routers, switches, and cable in the condominium building for the system to work.  GCS admitted into evidence invoices for these materials and other computer equipment GCS purchased to implement the BeCruising system on each floor of the building.  Roig also testified that GCS hired its own salespeople, including Arnaldo Salas.  Specifically, on December 1, 2003, GCS and Salas entered into an independent contractor agreement, which provided for a fixed-amount

---

[1] This is the third time this case has been before this court.  In Merco Group at Akoya, Inc. v. General Computer Services., Inc., 45 So. 3d 971, 972 (Fla. 3d DCA 2010), we affirmed the default final judgment against Merco but reversed for new trial on damages because "[t]he damages were unliquidated and require a factual determination."  Then, in Merco Group at Akoya, Inc., 237 So. 3d at 1057, we reversed a final judgment in favor of GCS following a jury trial on damages and remanded for new trial on damages because the trial court abused its discretion in excluding evidence of a stipulation entered into between parties and in limiting testimony of Merco witnesses.

annual salary. Roig also testified that GCS hired Jose Barcena, a computer graphic designer, to help with programming the system. Roig testified that Barcena began working with GCS in 2002 or 2003, and that GCS later entered into an independent contractor agreement with Barcena. The Barcena contract provided that GCS would pay Barcena $1,000 per unit "for a total with common areas of $400,000." Both the Salas and Barcena contracts were entered into evidence.

In closing argument, GCS argued that it was entitled to $802,898.98, which it maintained was the sum of the bills admitted into evidence, the Salas contract, and the Barcena contract. The jury rendered a verdict in favor of GCS finding the total amount of damages sustained by GCS as a result of Merco's breach of contract was $602,898, and the trial court entered final judgment in that amount. Thereafter, Merco filed its motion to set aside the verdict and for judgment in accordance with its motion for directed verdict, motion for new trial, and alternative motion for remittitur. In seeking a remittitur under section 768.74, Florida Statutes (2023), Merco argued in part that the amount of damages awarded did not bear a reasonable relation to the amount of damages proved and injury suffered, and that the amount awarded was unsupported by the evidence. After hearing argument, the trial court denied Merco's post-trial motions, including its motion for remittitur.

4

GCS then sought a judgment of prejudgment interest, arguing that it was entitled to an award of prejudgment interest from the date it filed its action. The trial court agreed with GCS, awarded it prejudgment interest from December 6, 2006, and subsequently entered a final judgment on prejudgment interest of $916,281.90.

## STANDARD OF REVIEW

This court reviews the denial of a motion for remittitur for an abuse of discretion.  See Odom v. R.J. Reynolds Tobacco Co., 254 So. 3d 268, 275 (Fla. 2018); see also Maggolc, Inc. v. Roberson, 116 So. 3d 556, 558 (Fla. 3d DCA 2013) ("We review the trial court's denial of Maggolc's post-trial motions for remittitur and new trial under the abuse of discretion standard.").

## ANALYSIS

On appeal, Merco argues that the trial court abused its discretion in denying its motion for remittitur because GCS failed to prove that it incurred expenses under the Salas and Barcena contracts.  We agree.  Florida's remittitur statute, section 768.74, "requires the trial court, upon a proper motion, to review an award of money damages 'to determine if [the] amount is excessive . . . in light of the facts and circumstances which were presented to the trier of fact' . . .  and to 'order a remittitur' if it 'finds that the amount awarded is excessive.'"  Coates v. R.J. Reynolds Tobacco Co., 375 So. 3d

5

168, 172 (Fla. 2023) (quoting § 768.74 (1),(2), Fla. Stat.). Section 768.74(5)

provides:

> (5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
>
> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
>
> (b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
>
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
>
> (e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.74(5), Fla. Stat. "A court cannot allow a jury to award a greater amount

of damages than what is reasonably supported by the evidence at trial. If

the jury verdict is excessive, remittitur is an appropriate remedy." Universal

Prop. & Cas. Ins. Co. v. Diaz-Torres, 422 So. 3d 212, 214 (Fla. 3d DCA 2025)

(quoting Rivard v. Gioia, 872 So. 2d 947, 948 (Fla. 5th DCA 2004)); accord

McCarthy Bros. Co. v. Tilbury Const., Inc., 849 So. 2d 7, 9 (Fla. 1st DCA

2003) (finding that jury "*misperceived* the merits relating to the amounts recoverable" and reversing denial of remittitur where no evidence was presented from which jury could form reasonable basis to exceed amount of claim beyond amount supported by documentary and testimonial evidence; "A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial."); see also Lassitter v. Int'l Union of Operating Eng'rs, 349 So. 2d 622, 627 (Fla. 1976) ("A court is never free to reduce a verdict, by remittitur, to that amount which the court itself considers the jury should have allowed.  It can only be reduced to the highest amount which the jury could properly have awarded.").

At trial, Roig testified that GCS never paid Barcena.  As to Salas, Roig testified that GCS paid him "$200, something like that."   Given Roig's testimony, there was a total failure of proof that GCS sustained any actual losses stemming from either contract.  Therefore, GCS was not entitled to damages for the total compensation amounts set forth in the respective contracts.  Instead, the maximum amount of recovery supported by the evidence was reflected in the invoices and bills GCS admitted into evidence to support its claim for out-of-pocket expenses (plus $200 for payment to Salas).  In its answer brief to this court, Merco acknowledges that the maximum amount of damages that the jury could have awarded based on

7

GCS's claim is $108,898.98.

Accordingly, we reverse the denial of Merco's motion for remittitur. On remand, the trial court must give GCS the opportunity to agree to a remittitur of damages to $108,898.98. If GCS does not agree, a new damages trial (the fourth) must be ordered. See § 768.74(4), Fla. Stat. (2023) ("If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only."). Additionally, if GCS agrees to the remittitur, the amount of prejudgment interest awarded in the final judgment on prejudgment interest must be recalculated in accordance with the new remitted damages amount. In all other respects, the final judgment and award and calculation of prejudgment interest are affirmed.

Affirmed in part, reversed in part, and remanded with directions.